The County Court decreed to the appellants Gray and wife, the full amount of the bills of exchange, with ten per cent, damages ; also the amount of the two bonds, and nearly one years annuity, which became due after the bills and notes were given, (deducting therefrom a sum due from Thompson, for land of the appellees sold to him by John Spotsxvood, the father,) with interest thereon : and the Mine tract was decreed to be sold to satisfy this decree, unless discharged by the appellee within a limited time.
The decree of the County Court was upon appeal to the High Court of Chancery reversed, from which the present appellants appealed to the Court of Ap.peals ; and a majority of that Court not choosing to sit in the cause, a special Court was summoned.
There are two questions to be considered.—1st. Whether the Mine tract is liable to satisfy the appellant’s demand.—And 2dly. Whether a Court of Chancery has jurisdiction of the case.
The first point is dependent upon another, to wit,, whether the annuity be extinguished or not by the bills and bonds ? I am to contend that they are not The annuity, being of as high dignity as a bond, and higher than a bill of exchange, cannot be extinguished by them at Law, nor in Equity: they are only additional securities. If the annuity exist at Law, surely a Court of Equity will not assist to take away the security, so long as the debt continues unpaid.
Upon the second point; it is the peculiar province of a Court of Equity to assist in cases where there is not a complete remedy at Law. This is to be presumed in the present case, as the' defendant, in his answer, hath not set forth that there was property ora *180 the premises subject to distress, sufficient to satisfy the annuity.
A Court of Equity has not jurisdiction in this case, whether the annuity be extinguished or not. If the latter, then the executor by the 32 Hen. 8, might have distrained on the land, in the possession of any person, claiming by, or from the grand-father; or, he might have maintained an action of debt at common law against the executors of John Spotswood for the rent accruing in his life-time. Co. Litt. 162 b. 5 Rep. 118. Ognel’s Case, 4 Rep. 48. Fairfax v. Lord Derby, 2 Vern. 612, .which last case is in point as to jurisdiction. A Court of Equity will never interfere in cases of this sort, unless the remedy be lost at Law by fraud in the tenant, as by depasturing the land, &c. 1 Eq. Ca. Ab. 32.
If the annuity be extinguished, then it is too clear to be argued, that the remedy was only at Law against the executors of John Spotswood. But if the appellants do come into a Court of Equity, then I contend, that though the annuity might not be extinguished at Law, yet it will be considered as being so in thatCourt, and of course, the remedy could only be against the executors, and not against the issue in tail. After so long an acquiescence on the part of Thompson, his absolutely negociating the bills, and of course receiving the amount of them long ago, this Court will presume an agreement between the parties, that the bonds and bills should be accepted as a discharge of the annuity, and as an exchange of the security. In any point of view, then, the decree of the County Court against the issue in tail was erroneous.
But this is not the only error. The decree is for the amount of the bills of exchange, in favour of the legatee, although neither the legatee, nor the executors of Thompson, are in possession of the bills, nor entitled to the benefit of the judgments recovered upon them, by assignment from Walker, or otherwise; and although Thompson has once received the value of them from the person to whom he endorsed them, (as is to *181 be presumed,) and neither he nor his executors have been called upon by Walker to pay them, and probably never mair be called upon.
The most which the appellants could ask for, would be security to indemnify them in case the amount of those bills should be hereafter recovered of them, and even this could not with propriety be required of the heir.
But if the appellee be liable to pay the amount of these bills, Mrs. Gray has no right to it, since this is not a debt due to Thompson from Spotswood^s estate3 and therefore is not included in the devise of Mrs. Gray.
The decree of the High Court of Chancery wa« affirmed.